30414. SMITH *v.* CITY OF HOGANSVILLE.

DECIDED MARCH 4, 1944.

*Loeb C. Ketzky,* for plaintiff in error.

*L. L. Meadors, solicitor-general,* contra.

GARDNER, J. On May 17, 1942, the City of Hogansville, by authority of the prohibition act of this State, passed an ordinance the terms of which provided for the legal sale of wine within the municipality. The defendant was convicted in the recorder's court of that city for violating the ordinance, and being dissatisfied, car-

ried his case by writ of certiorari to the superior court. The judge of that court overruled the certiorari, and sustained the judgment of the lower court. By bill of exceptions, assigning error on the judgment of the superior court, the defendant brings his case here for review.

The defendant did not have a license to sell wine in the City of Hogansville. There is some evidence to the effect that he had made an unsuccessful effort to obtain a license. It appears from the evidence that the city peace officers, on the night before the arrest, had information that the defendant would bring a quantity of intoxicating liquors into the city in his car. About 11:30 that night they placed themselves on the outside of the city limits for the purpose of apprehending him. When he approached the officers in his car, they attempted to wave him down with a flashlight. He did not stop, but instead, increased the speed of his car to the extent of violating the law against speeding. For this he pleaded guilty. The officers said that he recognized them; the defendant said that he did not. He drove his automobile to his house. Later, during the same night, the officers went to his house, and looking in his car, which was parked there, found that it contained four or five cases of wine. They did not seize the wine. The next morning, about 9:30 o'clock, they went to the defendant's restaurant, and found three cases of wine behind the counter on one side of the restaurant. One full case and another container from which three bottles had been removed were found behind the counter on the other side of the restaurant. One officer inquired of the defendant if he had any wine, and the defendant replied that he had four cases and another case from which three bottles had been removed. He said that he had obtained the wine for the purpose of selling it to a dealer in LaGrange, Georgia. This officer testified that he saw no sale and no evidence of sale of wine at the restaurant. In addition to the foregoing evidence, the chief of police testified that the defendant told him of buying up some wine, thinking that he was going to get a permit from the city to sell wine, and that he (the chief of police) had seen the mayor regarding the permit, and the mayor said: "He [defendant] could not sell it." The defendant in his statement denied that he had sold any wine at his restaurant, or had the wine for sale there, but that he expected to sell the wine to a dealer in LaGrange. Under all

the facts and circumstances of this case, including the defendant's conflicting statements concerning the wine, we can not say as a matter of law that the finding of the recorder was without evidence to support it; and since the verdict has the approval of the judge of the superior court, we are without authority to reverse the judgment on the general grounds.

One provision of the ordinance under which the defendant was convicted requires that duplicate invoices, showing names of wholesale dealers, date of sale, date of delivery, quantity, grade and name of wine, and wholesale cost of same, shall be kept and exhibited to the officers of the city "on demand." It is contended that this case should be reversed because the evidence failed to show a demand by the officers for such invoices, etc. Since it is not contended by the defendant that he had a license to sell wine in Hogansville, it was immaterial whether the officers demanded the invoices, etc., of the wine he had on hand. It follows that the only question is whether the evidence sustains the finding of the recorder. We have dealt with that question. The court did not err for any of the reasons assigned in dismissing the certiorari and sustaining the findings of the recorder.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*